## WOMACK, et al v. DADE COUNTY, et al.
### No. 72-16753.
Circuit Court, Dade County.

January 24, 1973.

Robert F. Williams, Miami, for the plaintiffs.

Jon I. Gordon, Assistant County Attorney, and J. Robert Olian, Assistant Attorney General, for the defendants.

SHELBY HIGHSMITH, Circuit Judge.

*Final summary judgment:* This cause came on for hearing upon the plaintiffs' motion for summary judgment. At the hearing, counsel for the plaintiffs and counsel for the defendants, State of Florida and Dade County, stipulated to the factual allegations in plaintiffs' complaint relating to the indigency of the named plaintiff and her desire to file a petition for change of name of her minor son.

The named plaintiff, Ethel M. Womack, filed a complaint for declaratory judgment on behalf of "a class composed of residents of the state of Florida who have resided in Florida for at least six months, and who are insolvent and poverty stricken persons, who are desirous of changing the names of their minor children whose other parents are not subject to personal service of process."

The gravamen of plaintiffs' complaint is that while they are permitted under §57.081(1), Florida Statutes, to file a petition for change of name on behalf of a minor child without the payment of the usual filing fees and costs for service of process by the sheriff, under their circumstances where the minor child's other parent is a non-resident or his whereabouts is unknown, and such parent does not join in the petition, they are required by §62.031(6), Florida Statutes, to give constructive notice of the petition by the publication of notice in a newspaper pursuant to Chapter 49, Florida Statutes. Because payment for the publication of such notices is not specifically required to be made by counties on behalf of indigents under §57.081, Florida Statutes — plaintiffs made such a request to the county attorney, but were refused — plaintiffs contend that they are being denied access to court in violation of their due process and equal protection rights under the Fourteenth Amendment to the United States Constitution, and Article I, §§2, 9 and 21 of the Florida Constitution, citing Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780 (1971).

Plaintiffs' complaint requested a declaration from this court that either the costs of publication of notice of their petitions must be paid by Dade County under §57.081, Florida Statutes, or that §§57.081, 62.031(6), 49.10 and 49.011(11) are unconstitutional. The court does not reach plaintiffs' constitutional contentions because it holds that the costs at issue here are payable by the defendant, Dade County, under §57.081, Florida Statutes. §57.081 (1) provides in pertinent part —

> "*Costs; right to proceed in forma pauperis.* — (1) Insolvent and poverty stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, clerks, and constables of the county in which they reside, without charge . . ."

This statute contemplates access to the civil courts of this state on the part of indigents, without the payment of filing fees or fees for service of process by the sheriff. Thus, when an indigent person seeks to change the name of a minor child, and the other parent (where such parent does not join in the petition) is subject to personal service by the sheriff, the clear meaning of §57.081(1) prevents such persons from being barred from access to court because of the fee and cost requirements.

In the situation in which the plaintiffs in this case find them selves, however, the persons upon whom they must cause notice to be served are not subject to personal service of process. The situation is governed by §62.031(6), Florida Statutes —

> "(6) When only one parent petitions for a change of name of a minor child, process shall be served on the other parent and proof of such service shall be filed in the cause; provided, however, *that where the other parent is a non-resident constructive notice of the petition may be given pursuant to chapter 49,* and proof of publication shall be filed in the cause without the necessity of recordation."
> (Emphasis added.)

Thus, if the wording of §57.081 is limited to its literal meaning, the right of an indigent to proceed in a case like this without the imposition of service of process costs depends upon the fortuitous factor of whether the petitioner's spouse or former spouse is subject to personal service of process. The court does not believe that is what the legislature intended.

It would be an anomaly for the legislature to say that indigent persons shall have access to the civil courts through personal service of process by the sheriff, the cost of which is paid by the county under §57.081(2) (actual expenses must be reimbursed by the county commission) while persons similar in every respect shall be denied access to the civil courts because service of process in their cases must be served constructively.

§57.081(1), providing for the services of the courts to indigents without charge, and §57.081(2), providing for payments only for personal service of process, create an ambiguity.

The court holds that §57.081, in providing for access of indigents to court without charge in subsection (1), and in providing for the payment by the county to the sheriff or constable of the costs of serving process in subsection (2) also contemplates the cost involved in constructive service of process.

There is no conceptual difference between payments made by the county for car fare and mileage for personal service, on the one hand, and payments for publication of constructive service on the other hand. Both enable an indigent person to gain access to court despite the obstacle of service of process costs.

It must be pointed out that this result is made necessary because publication in a newspaper is the only method of constructive service of process authorized in counties such as Dade by the Florida Statutes. An alternative method, such as mailing to the last known address, was suggested by the United States Supreme Court in Boddie v. Connecticut, supra —

"In the same vein we think that reliable alternatives exist to service of process by a state-paid sheriff if the State is unwilling to assume the cost of official service. *This is perforce true of service by publication which is the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings.* See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *We think in this case service at defendant's last known address by mail and posted notice is equally effective as publication in a newspaper.*" (Emphasis added.)

401 U.S. at 383, 91 S.Ct. at 788.

This court therefore rules that the defendant, Dade County, shall be required to provide for the publication costs for indigents in proceedings for change of name.

In consideration of the above, it is ordered and adjudged as follows — (1) That this court has jurisdiction of the subject matter of this action and the parties thereto. (2) That for the purpose of this action, the class of plaintiffs is to be determined by reference to §57.081(1), Florida Statutes. (3) That the defendant, Dade County, shall provide indigent petitioners the costs of publication where such are required under §62.031(6), Florida Statutes, until such time as the legislature authorizes alternative methods of constructive service.